UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>-v.-<br>ITAMAR MISHLI,<br>Defendant. | 26 Cr. 498 (JHR)<br>ORDER |

JENNIFER H. REARDEN, District Judge:

On October 26, 2026, a grand jury charged Defendant Itamar Mishli with one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. ECF No. 3. A warrant was issued for his arrest. ECF No. 5. On October 30, 2026, Defendant was again charged, by superseding indictment, with one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. ECF No. 7. That same day, Defendant had his initial presentment and arraignment before Magistrate Judge Robert W. Lehrburger. ECF No. 10. In advance of the proceeding, Defendant submitted a financial affidavit in support of his request for the appointment of counsel pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A *et seq*. ECF No. 9.

At the presentment, Judge Lehrburger noted, based on Defendant's financial affidavit, that Defendant might not qualify for court-appointed representation. Judge Lehrburger "conditionally approved" CJA counsel "for presentment" and stated that the assigned district judge would decide whether CJA counsel should remain in place. *See* ECF No. 9 (docket text). At the initial conference before this Court on November 10, 2026, CJA counsel again appeared on Defendant's behalf. ECF No. 11; November 10, 2026 Minute Entry. The Court was not made aware of any of the foregoing.

"The CJA authorizes district courts to appoint publicly financed counsel 'for any person financially unable to obtain adequate representation.'" *United States v. Barton*, 712 F.3d 111,

116-17 (2d Cir. 2013) (quoting 18 U.S.C. § 3006A(a)). But "before appointing counsel, a judge must first conduct 'an appropriate inquiry into the defendant's financial eligibility.'" *Id.* at 117 (quoting *United States v. Parker,* 439 F.3d 81, 93 (2d Cir. 2006) (citation modified)). This is because "'CJA funds are a necessarily limited resource' and courts must be 'cognizant of the public's strong interest in how its funds are being spent in the administration of criminal justice.'" *United States v. Hadden*, No. 20 Cr. 468 (RMB), 2020 WL 7640672 at *3 (S.D.N.Y. Dec. 23, 2020) (quoting *Parker*, 439 F.3d at 91). "When requesting the appointment of counsel, the burden is on the defendant to show that he is unable to afford representation, though he need not prove that he is indigent." *United States v. O'Neil*, 118 F.3d 65, 74 (2d Cir. 1997); *see United States v. Knotts*, 142 F. Supp. 2d 468, 469 (S.D.N.Y. 2001) (citing *Hardy v. United States*, 375 U.S. 277, 289 n.7 (1964) (Goldberg, J., concurring)) ("To qualify for the appointment of counsel, one need not be totally without means.").

On the present record, the Court is not "satisfied . . . that [Defendant] is financially unable to obtain counsel." 18 U.S.C. § 3006A(b). By **December 2, 2026,** to the extent that Defendant requests that this Court appoint publicly financed counsel, he shall submit an affidavit substantiating his "financial[] [inability] to obtain adequate representation in accordance with" 18 U.S.C. § 3006A. 18 U.S.C. §§ 3006A(a), (b). By **December 9, 2026**, the Government shall file a response.[1]

---

[1] In addressing this matter, the parties should refer to the Southern District of New York's Revised Plan for Furnishing Representation Pursuant to the Criminal Justice Act (18 U.S.C. § 3006A), https://www.nysd.uscourts.gov/attorney/cja.

SO ORDERED.

Dated: November 20, 2026
New York, New York

JENNIFER H. REARDEN
United States District Judge